IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH R. STARK, | ) | 4:10CV3150 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| AUDIO MARKETING | ) | |
| SOLUTIONS, INC., d/b/a | ) | |
| AMERICOM COMMUNICATIONS | ) | |
| and COREY ODVODY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The defendants have moved to dismiss the plaintiff's 3-count complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The defendants' motion will be granted in part and denied in part, and the plaintiff will be granted leave to amend for the purpose of correcting pleading deficiencies.

## *I. Background*

This action was removed to this court on August 3, 2010, based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331 and 1441. The plaintiff, Kenneth R. Stark, complains that his employment at Americom Communications was terminated in February 2010. He claims that the termination was in breach of an oral contract for lifetime employment and was done to relieve Americom of the cost of paying his insurance premiums, in violation of 29 U.S.C. § 1140 (Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA")).[1] Stark further complains that

---

[1] As part of the breach-of-contract claim, Stark also complains about not being paid for accrued vacation time when he was terminated.

while working for Americom as a cable technician he never received overtime pay, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-19.

Stark alleges that he was working for Americom in February 2004 when it was acquired by the defendant, Audio Marketing Solutions, Inc.; that the corporation is owned by the defendant, Corey Odvody; that, at the time of the acquisition, Odvody promised Stark lifetime employment and insurance; that Stark also was told he would have 2 weeks vacation and 6 personal days; that "as time went on Odvody reduced the number of sick days and would comment that the cost of insurance had gone up and so he would adjust the pay or the personal days"; that "Odvody adjusted [Stark's] pay at random intervals, sometimes without notice"; that "Odvody never paid overtime pay to [Stark] declaring that he was exempt"; and that Odvody "objected to paying the increased insurance premiums" for Stark, who had been "diagnosed with prostate cancer previous to Americom being sold[.]" (Complaint (filing 1-2), ¶¶ 5, 7, 10-12, 14-16.) Regarding the termination decision, Stark alleges: "On or about February 18, 2010, Plaintiff was working on an out of town job that required an overnight stay. Based on past experience with overnight stays, Plaintiff expected his own motel room. When plaintiff was denied this, he returned to Lincoln to discuss the situation with Odvody. At that point, Plaintiff was terminated." (Complaint, ¶ 17.)

## II. Discussion

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a

-2-

"probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 ( quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Several principles guide us in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true. *Id.* at 1949-50. This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action"; such allegations may properly be set aside. *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. *Id.* ( quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.2009).

Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. See *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274, 285 (D.C.Cir.2009) (factual allegations should be "viewed in their totality"); *cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322-23, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) ("The inquiry [under the Private Securities Litigation Reform Act] is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."). Ultimately, evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

*Braden v. Wal-Mart Stores, Inc.* 588 F.3d 585, 594 (8th Cir. 2009).

## A. *Breach of Contract*

When employment is not for a definite term and there are no contractual, statutory, or constitutional restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause it chooses. Oral representations may, standing alone, constitute a promise sufficient to create contractual terms which can modify the at-will status of an employee. However, the burden of proving the existence of an employment contract and all the facts essential to the cause of action is upon the person who asserts the contract.

. . . The language which forms the basis of an alleged employment contract, whether oral or written, must constitute an offer definite in form which is communicated to the employee, and the offer must be accepted and consideration furnished for its enforceability. Under those circumstances, the employee's retention of employment constitutes acceptance of the offer of a unilateral contract because by continuing to stay on the job although free to leave, the employee supplies the necessary consideration for the job.

The question under such circumstances is whether the employer manifests a clear intent to make a promise as an offer of employment other than employment at will, and to be bound by it, so as to justify an employee in understanding that a commitment has been made.

*Blinn v. Beatrice Community Hosp. and Health Center, Inc.*, 708 N.W.2d 235, 245-46 (Neb. 2006) (citations omitted).

Stark's allegation that he "was promised lifetime employment by Corey at the time that Corey took over the business" (Complaint ¶ 10) is sufficient to support a claim that his "termination violated the agreed upon terms of lifetime employment with Defendant." (Complaint, ¶ 19.) On the other hand, an allegation that Stark "was not paid for his accrued vacation at time of termination" (Complaint, ¶ 19) fails to state a claim upon which relief can be granted; Stark does not allege that the terms of

his employment contract entitled him to such a payment, only that he "was also told [by someone at an unspecified date] he would have two (2) weeks vacation and six (6) sick/personal days." (Complaint, ¶ 11.) To the extent Stark is claiming there was a breach of contract when "Odvody reduced the number of sick days" (Complaint, ¶ 12), the complaint also is deficient because it fails to show that Stark was contractually entitled to 6 sick days. Further, it is not alleged that Stark suffered any damages as a result of the reduction. The allegation that "Odvody adjusted Plaintiff's pay at random intervals" (Complaint, ¶ 14) similarly fails to state a claim upon which relief can be granted.

### *B. ERISA*

To prevail on his ERISA claim, Stark "must make a prima facie showing [Americom] terminated him with the specific intent of interfering with his insurance benefits." *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 871 (8th Cir. 2008). Stark only alleges that "Odvody would comment that the cost of insurance had gone up" and "objected to paying the increased insurance premiums." (Complaint, ¶¶ 12, 16.) Stark also indicates his employment was terminated after he complained about being required to share a motel room while working out of town. (Complaint, ¶ 17.) The complaint fails to show that Americom terminated Stark with the specific intent of interfering with his insurance benefits.

Odvody also objects that he cannot be held personally liable for any ERISA violation. This objection is well-taken. "[T]he law of this circuit is clear that, absent piercing the corporate veil, officers of a corporation cannot be held liable for ERISA obligations undertaken by the corporation." *Marshall v. Baggett*, __ F.3d __, 2010 WL 3220356, at *3 (8th Cir. Aug. 17, 2010). Stark has not alleged any facts that would justify piercing the corporate veil in this case. Although not argued by Odvody, it is also apparent that no actionable claim has been stated against him for

breach of contract.[2] *See Walker v. Walker Enterprises, Inc.*, 532 N.W.2d 324, 331 (Neb. 1995) ("A corporation's officers and directors are in the same position as agents of private individuals and are not personally liable on a corporation's contract unless the corporate officers and directors purport to bind themselves, or have bound themselves, to performance of the contract.").

### C. FLSA

It is "unlawful for any person" to violate the minimum wage, overtime, and recordkeeping provisions of the FLSA. 29 U.S.C. §§ 206, 207, & 215(a)(2) & (5). The FLSA gives an employee a right of action "in any court of competent jurisdiction" to recover amounts due from an employer who violates those provisions. 29 U.S.C. § 216(b). Any employee who is "engaged in commerce or in the production of goods for commerce," or is employed "in an enterprise engaged in commerce or in the production of goods for commerce" is entitled to the protections of the Act. 29 U.S.C. § 207(a)(1). *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir.1997). "Commerce" is defined in the FLSA as "trade, commerce, transportation, transmission, or communication among the several states or between any state and any place outside thereof." 29 U.S.C. § 203(b). . . . An "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that has employees engaged in commerce or in the production of goods for commerce, and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(a)(i),(ii); *Reich v. Stewart*, 121 F.3d at 405 n. 3.

---

[2] Regarding the FLSA claim, however, it has been held that "corporate officers or managers who actively regulate the employees are covered by the act and are liable as employers." *Mitchell v. Stewart Bros. Const. Co.*, 184 F.Supp. 886, 890 (D.Neb. 1960). Stark alleges that Odvody was the owner of Audio Marketing Solutions, Inc., and was his immediate supervisor. (Complaint, ¶ 7.) Stark also indicates that Odvody made the company's payroll decisions. (Complaint, ¶¶ 10, 12, 14, 15.)

> It has been firmly established that the phrase "engaged in commerce" within the meaning of § 203 of the Act is to be given a broad, liberal construction, rather than a strained, technical interpretation in order to effectuate the Act's purposes. *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211 (1959); *Kelley v. Alamo,* 964 F.2d 747, 750 (8th Cir.1992) (stating "[t]he FLSA should be given a broad reading, in favor of coverage"). Moreover, practical considerations, and not technical conceptions, guide courts in determining coverage of the FLSA, and the "crucial test is the nature of the activities of the employee, rather than the general character of the employer's business." *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. at 211.
>
> . . .
>
> In an action to enforce the FLSA, the plaintiff has the burden of proving that he or she is an employee and is covered by the Act. *Reich v. ConAgra, Inc.,* 987 F.2d 1357, 1360 (8th Cir.1993). The employer, on the other hand, has the burden to prove an exemption under the Act. *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 999 (8th Cir.2003).

*Smolnik v. Van Dyke*, 2006 WL 1401716, at *2-3 (D.Neb. 2006).

Stark merely alleges he "was employed by Defendant as a cable technician." (Complaint, ¶ 6.) The complaint does not contain sufficient facts to show that he was engaged in commerce or in the production of goods for commerce, or, alternatively, that Americom was an enterprise engaged in commerce or in the production of goods for commerce. It therefore fails to state a claim upon which relief can be granted under the FLSA.

Stark generally alleges that "he was not compensated for his time working over 40 hours per week nor was he paid time and a half for said overtime." (Complaint, ¶ 25.) The defendants contend he must provide more detail, and, in support of their position, cite *Harding v. Time Warner, Inc.*, 2009 WL 2575898 (S.D.Cal. Aug.18,

2009), and *Jones v. Casey's General Stores*, 538 F.Supp.2d 1094 (S.D.Iowa 2008). Both of those cases, however, "involved collective or class actions under FLSA and generalized allegations that purportedly applied to the entire class of plaintiffs." *Goal v. Retzer Resources Inc.*, 2009 WL 5174181, at *4 (E.D.Ark. Dec. 22, 2009). I do not consider it necessary for Stark, who is suing only for himself, to allege specific dates or the number of hours he worked overtime.[3] *See id.*; *Nicholson v. UTi Worldwide, Inc.,* 2010 WL 551551, at *2-4 (S.D.Ill. Feb. 12, 2010) (discussing cases applying *Iqbal* and *Twombly* in FLSA context). The allegation that Stark was not paid time and a half for working over 40 hours per week is sufficient to permit Americom to respond to the claim.[4]

### *III. Conclusion*

Stark's claim that Audio Marketing Solutions, Inc., breached an oral contract by terminating his employment will be allowed to proceed. All other claims will be dismissed, but, as requested by Stark in his opposing brief (filing 7, at 6), he will be granted leave to amend.

---

[3] The defendants contend that the FLSA claim may be barred in whole or in part by the statute of limitations, *see* 29 U.S.C. § 255(a) (providing that a cause of action for unpaid overtime compensation "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"), but this is a matter that can be addressed through discovery.

[4] In general terms, the FLSA requires employers to pay employees at least the minimum wage set by statute, as well as overtime pay at the rate of one and one half times the employee's regular rate for all hours worked per week in excess of 40 hours. *See* 29 U.S.C. §§ 206, 207. By alleging that "he was not compensated for his time working over 40 hours per week," Stark could be asserting a minimum wage claim in addition to a claim for overtime pay. If so, however, the claim is not sufficiently alleged because there is no showing that Stark's effective hourly rate of pay was less than the statutory minimum.

Accordingly,

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 5) is granted in part and denied in part, as follows:

    a. The motion is denied with respect to the plaintiff's first cause of action insofar as it is alleged that the defendant Audio Marketing Solutions, Inc., breached an oral contract for lifetime employment by discharging the plaintiff.

    b. In all other respects, the motion is granted.

2. The plaintiff is granted leave to file an amended complaint within 14 days to correct any pleading deficiencies noted above in the court's memorandum opinion.

September 21, 2010.				BY THE COURT:

						*Richard G. Kopf*
						United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.